IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | § |
| | § |
| v. | § CRIMINAL ACTION NO. 4:17-CR-00016-ALM-BD |
| | § |
| CHRISTOPHER MARTIN COLLINS (1) | § |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Now before the court is the request for revocation of Defendant Christopher Martin Collins's ("Defendant") supervised release. After the District Judge referred the matter to this court for a report and recommendation, the court conducted a hearing on December 29, 2025, to determine whether Defendant violated his supervised release. Defendant was represented by Michael Pannitto. The Government was represented by Lesley Brooks.

Defendant was sentenced on October 24, 2017, before The Honorable Amos L. Mazzant, III of the Eastern District of Texas after pleading guilty to the offense of Felon in Possession of a Firearm, a Class C felony. This offense carried a statutory maximum imprisonment term of 10 years. The guideline imprisonment range, based on a total offense level of 17 and a criminal history category of VI, was 51 to 63 months. Defendant was subsequently sentenced to 63 months imprisonment followed by 3 years supervised release subject to the standard conditions of release, plus special conditions to include financial disclosure, substance abuse testing and treatment, and a $100 special assessment. On April 29, 2025, Defendant completed his period of imprisonment and began service of the supervision term

On October 17, 2025, the United States Probation Officer executed a Petition for Warrant or Summons for Offender Under Supervision (Dkt. #49, Sealed). The Petition asserts that Defendant violated four (4) conditions of supervision, as follows: (1) <u>Mandatory Condition</u>

Defendant must not commit another federal, state, or local crime; (2) <u>Mandatory Condition</u> Defendant must not unlawfully possess a controlled substance; (3) <u>Mandatory Condition</u> Defendant must refrain from any unlawful use of a controlled substance; and (4) <u>Standard Condition</u> Defendant must not communicate or interact with someone he knows is engaged in criminal activity. If Defendant knows someone has been convicted of a felony, he must not knowingly communicate or interact with that person without first getting the permission of the probation officer. (Dkt. #49 at pp. 1–3, Sealed).

The Petition alleges that Defendant committed the following acts: (1) & (2) On October 9, 2025, Defendant was involved in a traffic stop conducted by the Paris Police Department in Paris, Texas, for failing to display a visible registration sticker on the vehicle's windshield. Defendant was identified as the driver and there was an adult female passenger in the front passenger seat. During the stop, the officer detected a strong odor of marijuana emanating from the vehicle. Defendant was instructed to exit the vehicle, and a probable cause search was initiated. During the search of the vehicle, Defendant fled on foot but was apprehended a short time later and taken into custody. A search of the vehicle revealed a black backpack located on the rear passenger seat within reach of Defendant. Inside the backpack, officers located a large brown plastic sack containing a substantial quantity of marijuana inside a clear zip-locked bag and a black plastic sack containing multiple baggies of marijuana packaged in varying amounts. The amount of marijuana totaled 13.485 ounces, exceeding the allowable personal-use amount. Also discovered in the backpack was a clear Tupperware container holding several baggies of suspected narcotics, which field-tested positive for methamphetamine, weighing approximately 22.48 grams; and another clear plastic baggie containing a white powdery substance that field-tested positive for cocaine, weighing approximately 14.07 grams. The probation officer reviewed body-worn camera footage

from the arrest. During the recording, Defendant informed the police officers the backpack and its contents did not belong to the passenger. Defendant was subsequently booked into Lamar County Jail in Paris, Texas on the following charges:

- Manufacture/Delivery of a Controlled Substance Penalty Group 1 > 4g < 200g (Methamphetamine) in violation of Texas Health and Safety Code § 481.112(d), a First-Degree Felony.

- Manufacture/Delivery of a Controlled Substance, Penalty Group 1 > 4g < 200g (Cocaine) in violation of Texas Health and Safety Code § 481.112(d), a First-Degree Felony.

- Possession of Marijuana, More Than 4 Ounces but Less Than 5 Pounds, in violation of Texas Health and Safety Code § 481.121(b), a State Jail Felony.

- Evading Arrest/Detention with Previous Conviction in violation of Texas Penal Code § 38.04(b)(1), a State Jail Felony.

On October 14, 2025, Defendant was released from custody after posting surety bonds in the amounts of $15,000, $15,000, $3,000, and $3,000, respectively. On October 16, 2025, the Lamar County District Court was contacted regarding the status of the pending charges. Court personnel advised all four charges are currently being held in Lamar County Justice of the Peace Court. Upon indictment, jurisdiction will transfer to their Court. They further reported the grand jury had already convened for the current month and was scheduled to meet again on November 13, 2025. As of the writing of the Petition, the cases were being tracked under temporary numbers W25-555, W25-556, W25-557, and W25-558. A new case or docket number will be assigned once the indictment process is completed; (3) On October 15, 2025, Defendant contacted his probation officer by telephone to report his recent arrest and that Defendant had bonded out of the Lamar

County Jail the previous night. During the conversation, Defendant verbally admitted to using methamphetamine on the day of his arrest, October 9, 2025; and (4) On October 9, 2025, in Paris, Texas, Defendant was the driver of a vehicle involved in a traffic stop with Theresa Davidson, a convicted felon, as the passenger. Defendant stated that he and Ms. Davidson are good friends, and Ms. Davidson stated she has known Defendant all of her life. Defendant did not have permission from the U.S. Probation Office to have contact with this individual. (Dkt. #49 at pp. 1–3, Sealed).

Prior to the Government putting on its case at the final revocation hearing, Defendant entered a plea of true to allegation 3 in the Petition. Having considered the Petition and the plea of true to allegation 3, the court finds that Defendant did violate his conditions of supervised release. The Government moved to dismiss allegations 1, 2, and 4 in the Petition.

Defendant waived his right to allocute before the District Judge and his right to object to the report and recommendation of this court.

## **RECOMMENDATION**

Pursuant to the Sentencing Reform Act of 1984, the court recommends that Defendant's supervised release be revoked and that he be committed to the custody of the Bureau of Prisons to be imprisoned for an additional term of twenty-two (22) months, to run consecutive to any sentence imposed in the state cases pending in Lamar County, Texas, with no term of supervised release to follow.

The court further recommends that allegations 1, 2, and 4, of the Petition be dismissed.

The court finally recommends that Defendant be housed in a Bureau of Prisons facility in either Texarkana, Texas, Fort Worth, Texas, or Big Springs, Texas, if appropriate.

**SIGNED this 15th day of January, 2026.**

_____
AILEEN GOLDMAN DURRETT
UNITED STATES MAGISTRATE JUDGE